Aram BRAZILIAN, JR.,
Individually and as Trustee
of 175 Commonwealth Avenue
Realty Trust, and
Elizabeth BRAZILIAN, Plaintiffs
v.
C. John HALKIAS, Jessie R.
HALKIAS, and DURHAL
CORPORATION, Defendants

No. 43935

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

June 26, 1981

John B. Connarton, Jr., Rosanna Sattler, counsels for the plaintiff
Arnold P. Messing, Laurence H. Winer, counsels for the defendant

## ORDER DENYING PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL

The plaintiffs have moved the Court to disqualify the firm of Csaplar & Bok from representing the defendants in this action for alleged violations of Canons 4, 5, 7 and 9 of the Canons of Ethics and Disciplinary Rules regulating the practice of law in Massachusetts. Supreme Judicial Court Rule 3:22, 359 Mass. 787 (1971). In support of their motion to disqualify opposing counsel, the plaintiffs claim that prior to the commencement of this action in August, 1980, an attorney-client relationship existed between the plaintiffs and Csaplar & Bok pursuant to which counsel received privileged information and confidences from the plaintiffs. The plaintiffs further allege that the subject matter of the prior representation is substantially related to the subject matter of this suit.

This Court is not insensitive to the special danger of an attorney's breaching his duty of confidentiality by successively representing clients with adverse interests. It questions, however, whether disqualification is the appropriate remedy in this case.

First, the Court is troubled by the plaintiff's lack of diligence in voicing its objection to the representation of defendants' counsel. Rule 3 of the Superior Court requires that a challenge to the right of an attorney to appear for the opposite party is to be made within ten days after the appearance of such attorney. A later objection need not be entertained. See, **Arsenault v. Arsenault,** 337 Mass. 189, 193-194 (1958); **Levitt v. Levitt,** Mass. App. Ct. Adv. Sh (1980) 729 (rescript opinion). The failure to raise an objection at the commencement of the proceedings implies that the moving party believed that he would not be harmed by the continuance of the challenged representation. See, **e.g., Redd v. Shell Oil Co.,** 518 F.2d 311, 315 (10th Cir. 1975); **Marco v. Dulles,** 169 F. Supp. 622, 632-633 (S.D.N.Y.), **appeal dismissed,** 268 F. 2d 199 (2d Cir. 1959).

Second, although disqualification has been the preferred sanction for conflicts of interest, its high costs have been recognized. The court may lose the time and labor it has invested in proceedings prior to disqualification. The client may suffer delay, inconvenience and added expense. Moreover, disqualification may seriously impair the adversarial process by making it difficult for a new attorney to master the facts and nuances late in the litigation of the case. These potential harms do not occur with disciplinary sanctions. See generally, **Developments in the Law--Conflicts at Interest in the Legal Profession,** 94 Harv. L. Rev. 1244, 1471-73 (1981).

In **Borman v. Borman,** Mass. Adv. Sh. (1979) 2179, the Supreme Judicial Court expressed its dissatisfaction with the disqualification remedy and fashioned the following standard to guide trial court justices in ruling on motions to disqualify counsel:

"When disqualification occurs after employment has begun, it temporarily (and possibly permanently) disables the litigant in his effort to prosecute a claim or mount a defense. It is not surprising therefore that the code has been used increasingly as a catalog of pretrial tactics. When needless disqualification occurs as a result of these tactics, the very rules intended to prevent public disrespect for the legal profession foster a more dangerous disrespect for the legal process.

489

We therefore take this opportunity to state first and foremost, the code is self-executing. We expect lawyers to know and comply with its provisions. If an attorney is unsure whether in a given case his conduct violates the code, he should terminate the questionable conduct or seek the advice of the appropriate Committee on Ethics and Professional Responsibility. If he persists in questionable conduct, he risks disciplinary action including disbarment. **When a lawyer, exercising his best judgment, determines that his employment will not bring him into conflict with the code, disqualification may occur only if the trial court determines that his continued participation as counsel taints the legal system or the trial of the cause before it."** **Id.** at 2195-96 (citations omitted) (emphasis added).

At the hearing on this motion, opposing counsel expressed his judgment that continued representation did not constitute a violation of the code in light of the peripheral nature of Csaplar & Bok's prior representation and the absence of any communications from the plaintiffs concerning secret, confidential or privileged information. Nor can the Court determine, on the basis of this record, that the continued participation of defense counsel will "taint" the proceedings. The defendants' motion to disqualify counsel is accordingly denied without prejudice to their renewing their motion before the trial justice. In view of the seriousness of the allegations contained in the plaintiffs' motion and accompanying materials, the Court has reported the matter to the Board of Bar Overseers to determine whether disciplinary sanctions are warranted.

**William G. Young**
**Justice of the Superior Court**